**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DOLORES CALDERON,

              Plaintiff-Appellant,

    v.

BIO-MEDICAL APPLICATIONS OF
MISSION HILLS, INC.; et al.,

              Defendants-Appellees,

 and

FRESENIUS USA, INC.; et al.,

              Defendants.

No.   22-55305

D.C. No.
2:20-cv-07869-PSG-JEM

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, Chief District Judge, Presiding

Argued and Submitted June 14, 2023
Pasadena, California

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Before: BYBEE and CHRISTEN, Circuit Judges, and FITZWATER,[**] District Judge.

Plaintiff-Appellant Dolores Calderon ("Calderon") appeals a summary judgment in favor of Defendants-Appellees Bio-Medical Applications of Mission Hills, Inc. and Fresenius Management Services, Inc. ("Defendants")[1] on Calderon's claims under California law for disability discrimination, failure to accommodate, failure to engage in the interactive process, retaliation, and wrongful termination. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. "This court reviews a district court's grant of summary judgment de novo." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 629 (9th Cir. 1987).

2. The district court did not err in dismissing Calderon's disability discrimination claim. The evidence in the summary judgment record demonstrates that Calderon could not perform the essential functions of her position, with or without reasonable accommodation, and there was no evidence of a vacant position that Calderon was qualified for and to which she could have been assigned. Therefore, Calderon was not a qualified individual under the California Fair

---

[**]    The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

[1] Although the docket lists Biomedical Applications Management Company, Inc. as a Defendant-Appellee, all claims against it were dismissed before the district court entered summary judgment.

Employment and Housing Act, Cal. Gov't Code § 12940(a)(1)–(2) (West 2019), and the district court did not err in dismissing her disability discrimination claim. *See Atkins v. City of Los Angeles*, 214 Cal. Rptr. 3d 113, 131 (Ct. App. 2017); *Nealy v. City of Santa Monica*, 184 Cal. Rptr. 3d 9, 22–23 (Ct. App. 2015).

3. The district court did not err in dismissing Calderon's claim for failure to accommodate because no reasonable accommodation would have enabled her to perform the essential functions of her position. *See Scotch v. Art Inst. of Cal.*, 93 Cal. Rptr. 3d 338, 358–59 (Ct. App. 2009); *Nadaf-Rahrov v. Neiman Marcus Grp., Inc.*, 83 Cal. Rptr. 3d 190, 212 (Ct. App. 2008); Cal. Gov't Code § 12940(m).

4. The district court did not err in dismissing Calderon's claim for failure to engage in the interactive process because that process could not have produced a reasonable accommodation that would have enabled Calderon to perform the essential functions of her position. *Scotch*, 93 Cal. Rptr. 3d at 365; *Nealy*, 184 Cal. Rptr. 3d at 24–25; Cal. Gov't Code § 12940(n).

5. The district court did not err in dismissing Calderon's retaliation claim. The circumstantial evidence of retaliation that Calderon presented was insufficient to demonstrate that Defendants' legitimate, non-retaliatory reason for the adverse employment action—that Calderon was terminated because she was unable to perform the essential functions of her position—was pretextual. *See Dep't of Fair Emp. &*

*Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 746 (9th Cir. 2011); Cal. Gov't Code § 12940(a)(1), (h), (m)(2).

6. The district court did not err in dismissing Calderon's wrongful termination claim. She failed to raise a genuine issue of material fact that Defendants violated any constitutional or statutory provisions when they took adverse employment action against her. *See Mendoza v. W. Med. Ctr. Santa Ana*, 166 Cal. Rptr. 3d 720, 723–24 (Ct. App. 2014).

**AFFIRMED**.